```
                    UNITED STATES DISTRICT COURT

                          DISTRICT OF IDAHO

                          SOUTHERN DIVISION


PAUL EZRA RHOADES,             )    Case No. CV11-445-REB
                               )
     Plaintiff,                )
                               )    Boise, Idaho
     vs.                       )    November 8, 2011
                               )    4:05 p.m.
BRENT REINKE, et al,           )
                               )
     Defendants.               )
                               )
. . . . . . . . . . . . . . . .)

                           VOLUME I OF I
                   TELEPHONIC STATUS CONFERENCE
              BEFORE THE HONORABLE RONALD E. BUSH
                  UNITED STATES MAGISTRATE JUDGE


APPEARANCES:
For the Plaintiff:             MR. OLIVER W. LOEWY
(by telephone)                 MS. TERESA A. HAMPTON
                               Federal Defender Services of Idaho
                               702 West Idaho Street, Suite 900
                               Boise, Idaho  83702


For the Defendants:            MS. KRISTA LYNN HOWARD
(by telephone)                 MR. PAUL PANTHER
                               MR. LAMONT ANDERSON
                               Office of Attorney General
                               Idaho Department of Corrections
                               1299 N. Orchard Street, Ste. 110
                               Boise, Idaho  83706


COURT RECORDER:                TRANSCRIPTION BY:

TRINIDAD DIAZ                  CANYON TRANSCRIPTION
U.S. District Court            P.O. Box 387
                               Caldwell, Idaho  83606
                               (208)454-1010


Proceedings recorded by electronic recording.  Transcript
produced by transcription service.
```

```
 1                    (Proceedings begin.)
 2            CLERK:  Counsel, the Court will hear at this time the
 3   telephone status conference in Civil Case No. 11-445, Paul Ezra
 4   Rhoades versus Brent Reinke, et al.
 5            COURT:  All right.  Good afternoon, Counsel.  Who will
 6   be speaking on behalf of plaintiff?  Mr. Loewy?
 7            MR. LOEWY:  Yes, Your Honor.
 8            COURT:  Ms. Howard for the defendant?
 9            MS. HOWARD:  Yes, Your Honor.
10            COURT:  All right.  Counsel, I want to have this status
11   conference to discuss the hearing I anticipate holding on
12   Thursday on the pending motion for preliminary injunction or
13   stay of execution as well as the motion to seal the affidavit of
14   Mr. Zmuda and how we're going to go forward with that and to
15   hear from you as to anything you would want me to consider.
16            I also understand from Mr. Gordon that, Mr. Loewy, you
17   have indicated you were going to seek to conduct some expedited
18   discovery; is that correct?
19            MR. LOEWY:  Yes, Your Honor.  That is correct.
20            COURT:  And are you intending to do that in
21   anticipation of this hearing?
22            MR. LOEWY:  Yes, Your Honor.
23            COURT:  All right.  Then let's deal with that.  Why
24   don't you tell me what you had in mind there so I know that as
25   we get started here.
```

1          MR. LOEWY:  Okay.  Thank you.  We've drafted and
2  believe that we can file them by approximately 5:00 p.m. this
3  evening document requests numbering 14 as well as a request for
4  counsel to enter upon the land.  What we're looking for is to
5  examine the execution unit.  Not just the chamber but the entire
6  unit.
7          We also have drafted four to five interrogatories.
8  Each of the document requests and interrogatories go to, in
9  general, the identity, the training, the experience and the
10 credentials of those individuals who will be participating in
11 the execution.
12         COURT:  All right.  Well, as I'm listening to that, I'm
13 just trying to understand how it would be reasonable for the
14 State to try to respond to all of that between now and Thursday
15 afternoon.
16         MR. LOEWY:  Well, Your Honor, it's our belief based on
17 reading Mr. Zmuda's affidavit that they very, very likely
18 already have this information compiled.  It is hard to imagine
19 how Mr. Zmuda wrote his affidavit without having this
20 information at hand.  It is not deep information.  It is not
21 far-flung information.  It is surface information which goes
22 back a very limited period of time and we don't think that it's
23 unduly burdensome.
24         COURT:  Okay.  All right.  Well, let's get back to that
25 in just a moment.  What I anticipate doing is hearing argument

1  on these two motions in this order.  I would hear the argument
2  on the motion to seal to begin.  I would then make a decision
3  upon whether or not I would grant the motion to seal the
4  affidavit.  Then I would hear argument upon the motion for
5  preliminary injunction and/or stay and in the course of that
6  hearing, then, depending upon the nature of my ruling on the
7  motion to seal, I may or may not order that counsel not make any
8  references to particular details in the course of their argument
9  on the motion for preliminary injunction or stay.
10         I think I'd asked Mr. Gordon to relate to each of you
11 that if you wanted to put the affiant on the stand to testify,
12 then I would allow for that.  If you think you want to make it
13 more of an evidentiary hearing than that, then I'd be willing to
14 listen to whatever argument you want to make and I'll consider
15 it but I don't know that I'll allow it.  I'll certainly consider
16 your argument.
17         And then as for the plaintiff, if you want to put on
18 Mr. Heath, then unless he can jump on a plane and get here
19 tomorrow or fly out on a red-eye on Wednesday night, then we'd
20 have to figure out how it would be that we would have him on the
21 stand.
22         So, Mr. Loewy, let me hear from you on those matters to
23 begin and then I'll hear from Ms. Howard.
24         MR. LOEWY:  Judge, if I can take up the very last with
25 regard to Mr. Heath.  We have been in touch with him.  We are

1   continuing to go back and forth.  There are some logistical --
2   as I think you've alluded to, some logistical challenges and it
3   is proving difficult to bring it all together for Thursday and
4   we are requesting whether -- that the Court consider moving the
5   hearing to Friday to accommodate that.
6            COURT:  Well, the courthouse is closed on Friday.
7            MR. LOEWY:  I though in light of the nature of this
8   action, it might be able to be opened.
9            COURT:  Well, it's a logistical issue in more than that
10  respect.  The easiest way to try to get him -- are you
11  anticipating you would try to call him by telephone or some
12  other method?
13           MR. LOEWY:  No, Judge, and thank you for asking that.
14  We would anticipate a video conference with him testifying by
15  video.
16           COURT:  Well, as I understand it, the reasonable way of
17  trying to do that is to do it from one federal courthouse to
18  another and so what you're talking about is trying to make
19  arrangements not only within this courthouse to have the
20  necessary personnel available where we can put that all together
21  which means we've got to have the clerks, we've got to have the
22  ESR people, we've got to have information technology folks to
23  set all those things up.  And we have to have people who can do
24  the same things at the other end in New York City and that
25  strikes me as being perhaps logistically more problematic than

Case 1:11-cv-00445-REB   Document 37   Filed 11/09/11   Page 6 of 18

6

```
 1   trying to have your witness figure out a way that he can clear
 2   his schedule that he could do something on Thursday afternoon.
 3              MR. LOEWY:  Well, I'm in agreement with you, Your
 4   Honor.  I'm in agreement both as to the Court's resources and I
 5   understand that it takes a variety of people to make it happen
 6   on both this end and in New York City.  We certainly are
 7   endeavoring to bring Dr. Heath to Boise and it's because of
 8   the -- there are certainly logistical difficulties with that
 9   which I'm sure you can appreciate as well.  There are logistical
10   difficulties given the timing with any option.  That certainly
11   was one of the reasons that we were hoping that the hearing
12   could be conducted on Friday rather than Thursday but we will --
13   we will obviously do our very best to bring Dr. Heath here to
14   you as a live witness in your courtroom.
15              COURT:  Well, if you can bring him here as a live
16   witness, then I'll consider whether it's reasonable to try to do
17   something on Friday.  Then I'll have to check with our folks
18   here because that means that people who would otherwise be not
19   working that day, I've got to make arrangements with that.  It's
20   not just me and my clerks.  There are other folks involved as
21   well.  I don't know whether we can have court staff here.  I
22   don't know whether we can have security staff here so it would
23   just be much easier to try to do things on Thursday if that's
24   possible.
25              MR. LOEWY:  I will do my very best and we will
```

1  absolutely inform the Court as soon as we know.
2           COURT:  All right.  Then as to the other issues.
3           MR. LOEWY:  As to the other issues, my understanding is
4  you'll be hearing argument in the order in which you articulated
5  earlier, Judge.  I guess I'm a little troubled about the no
6  mention of the sealed information in the course of the argument.
7  I'm wondering if -- because the argument of course is intimately
8  related to the information which has been sealed and remains
9  sealed at this point, I'm wondering whether an alternative,
10 should the Court not order the information to be unsealed, that
11 is the affidavit to be unsealed, whether the Court -- whether it
12 would make more sense as a practical matter, Your Honor, to seal
13 the proceeding.
14          COURT:  Well, I can tell you that would be my last
15 resort and short of that, I would consider very carefully
16 whether it can be more narrowly tailored than that.  The
17 convenience is not the compelling factor in that analysis in
18 light of the other interests that are at stake.
19          So I'll have to fashion something but maybe that if
20 there's specific and particular argument as to any of that in
21 addition to something else, then I might consider closing it for
22 that particular portion.  I'm not sure I'm going to -- what I'm
23 going to do in that regard just yet and I want to make sure that
24 the defendant has an opportunity to respond to your objection to
25 the motion to seal and then I'm focusing solely on the -- on

1  those portions of the record -- in other words, I'm not going to
2  make some generalized order to seal.  I'm not going to make some
3  generalized order to close the courtroom.  There's got to be a
4  sufficient showing under the law as to particulars to justify
5  either sealing or closing and then I'll go from there.  It may
6  be that it will be a more complicated task than would ordinarily
7  be the case but we'll see how that plays out.
8          Go ahead.
9          MR. LOEWY:  Your Honor, I believe that I have addressed
10 the questions put to me.  If I missed something, I would very
11 much appreciate your alerting me to that.
12         COURT:  All right.  Well, I told you what my intentions
13 were in terms of allowing you to put your affiant on.  Did you
14 intend to ask for any other sort of opportunity to put on
15 evidence?
16         MR. LOEWY:  At this juncture, no.  I would like to
17 reserve the consideration of that perhaps until the beginning of
18 the proceedings.
19         COURT:  Well, that makes it hard for me to know whether
20 I'm going to allow it or not.  I'm not interested in having
21 it -- well, I want to have a sense of what you have in mind so
22 that I can make a determination as to whether I think that's
23 appropriate or not.  I'm going to keep a tight rein on this
24 hearing so when do you think you can decide whether or not you'd
25 want to put on any other sort of evidence?

1          MR. LOEWY:  I think by tomorrow in the early afternoon.
2          COURT:  All right.  Well, let me hear from Ms. Howard.
3   Ms. Howard.
4          MS. HOWARD:  Thank you, Your Honor.  I guess since the
5   burden is on Mr. Loewy to -- on the motion to stay, you know,
6   the only witness that I would be presenting, if at all, would be
7   Mr. Zmuda.
8          COURT:  Okay.
9          MS. HOWARD:  I wouldn't anticipate anybody else
10  testifying.
11         COURT:  All right.
12         MS. HOWARD:  I do have a comment about the discovery
13  when you're ready to take that up.
14         COURT:  Do you have any problem with the sequence of
15  consideration of the pending motions?
16         MS. HOWARD:  No, I do not, Your Honor.
17         COURT:  All right.  Okay.  The discovery issue?
18         MS. HOWARD:  Well, if I understand Mr. Loewy correctly,
19  he wants the identity and training of the particular
20  individuals.  We would be moving for a protective order
21  regarding the identity of those individuals due to the
22  confidentiality that we're required to keep under our SOP and as
23  well as the IDAPA Rules as well as their safety and, you know,
24  their security is concerned with those team members.
25         MR. LOEWY:  Judge, if I could just interject just for a

1  moment.
2  COURT: Just -- Mr. Loewy, hang on just a minute. Ms.
3  Howard, were you done?
4  MS. HOWARD: Well, you know, I'm not really sure what
5  the -- I guess I'm not sure as to why they need entry on land to
6  view the execution chamber. Mr. Zmuda's already represented to
7  the Court in an affidavit that it's completed. Counsel has
8  already been out there once before. They know exactly what it
9  looks like and so I don't understand what the need for another
10 viewing of the execution unit is for.
11 COURT: Okay. Well, Mr. Loewy, I'll let you respond in
12 just a minute. I'm not -- we're dealing with things in a vacuum
13 here. We don't have a set of discovery in front of anybody. We
14 understand that this is what you expect to be asking for and
15 I'll listen to all this to the extent that I can give you any
16 sense about what I might think about it, but that's also without
17 the benefit of any written argument or tailored argument to what
18 it might be in terms of any motion for protective order that
19 might come up. So, Mr. Loewy, go ahead.
20 MR. LOEWY: Thank you, Your Honor. I failed to mention
21 and I apologize to opposing counsel and to Your Honor. We have
22 a protective order which we would intend to submit as well which
23 goes to precisely the concerns regarding confidentiality of
24 names and other identifying information, the sort of information
25 which is not in Mr. Zmuda's affidavit before the Court.

1  I would also note that with regard to the request for
2  entry upon land, what we are requesting is to inspect the entire
3  execution unit. I think that Ms. Howard erred when she said
4  that Mr. Zmuda in his affidavit says that the -- affirms that
5  the unit is complete. My belief is that what he affirms is that
6  the execution chamber is complete.
7  COURT: Let's back up. Mr. Loewy, I gather from your
8  reply briefing that I've just had a chance to try to look at
9  today and I haven't been able to give it as thorough a read as I
10 am going to but you've raised concerns about whether whatever
11 constitutes all of the physical footprint of space that would be
12 used in the execution process, whether or not that has all been
13 completed, the construction is completed. It's ready for use.
14 Is that right?
15 MR. LOEWY: That's correct. And my concern is of
16 course ready for use for any execution but also ready for use
17 for training and rehearsal sessions as defined in SOP 135.
18 COURT: And Ms. Howard, are you able to answer that
19 question today about this issue over --
20 MS. HOWARD: Yes, I am, Your Honor. Mr. Zmuda's
21 affidavit, the first sentence says, "Execution chamber is
22 complete." And then it goes on to say that the team engaged in
23 training using the execution unit and that there have been --
24 ten training sessions will have been completed by the time of
25 the execution. Let's see.

1     COURT:  Well, I guess the issue that I understand Mr.
2  Loewy is asking is are you distinguishing in terms of completed
3  construction between the execution chamber and the execution
4  unit?
5     MS. HOWARD:  No, Your Honor.  The execution unit is
6  complete and, you know, I apologize.  I probably should have put
7  "unit" in there rather than "chamber."  I can submit an amended
8  affidavit.  However, the execution unit is complete.  They are
9  using the execution unit in training and have been since October
10 20 and so I apologize for not making that distinction in the
11 affidavit.  However, the actual execution unit is being used as
12 a whole in the training session consistent with SOP 135.
13    COURT:  All right.  Mr. Loewy, if the State puts on
14 that evidence, then I'm -- right now, I'm having trouble
15 understanding why the Court should order that you have access to
16 the physical facility in advance of the execution.
17    MR. LOEWY:  Judge, if the State puts on that evidence
18 under oath and that evidence remains unimpeached, I would agree.
19    COURT:  Okay.
20    MR. LOEWY:  Which is to say -- I'm sorry, Your Honor.
21 Which is to say I think that we would withdraw that request.
22    COURT:  All right.
23    MR. LOEWY:  But I am candidly surprised to hear that it
24 is complete though I guess -- and I don't want -- I know that
25 Your Honor's intent is not that this turn into an argument but I

1  am interested in knowing whether Ms. Howard is simply saying
2  that the word "unit" was supposed to be there instead of the
3  word "chamber" and that the entire unit was complete as of the
4  date that Mr. Zmuda represented the chamber was complete.
5              COURT:  All right.  Here's what we're going to do on
6  these issues, Counsel.  Mr. Loewy and Ms. Howard, I want you to
7  talk after we're done here about the sorts of things, Mr. Loewy,
8  that you are going to be seeking in your discovery.  Once you
9  have a candid conversation about all the things that are going
10 to come up, see what you can agree upon.
11             Now, I appreciate that these are among the most
12 important of all judicial proceedings and they're stressful and
13 they're difficult for all concerned and I know that you've all
14 been working very, very hard on these matters in recent weeks
15 and that in the face of all that, sometimes it's hard to
16 maintain patience.  And I want you to try to have a
17 conversation, maintain that patience and see what you can agree
18 upon and if some of it can be handled by the State through its
19 counsel making representations for the record intending to bind
20 the State to such representations at this hearing that would
21 satisfy Mr. Loewy, your concerns, then let's try to do that.
22             To the extent that there are matters that you feel like
23 you need to have an opportunity to cross-examine Mr. Zmuda upon,
24 then Ms. Howard, I want you to have Mr. Zmuda available to
25 testify at this hearing.  Whether you want to call him yourself,

1 I guess that's up to you but I want him to be available for the
2 plaintiff to call if the plaintiff wants to do that.
3 When I say that, Mr. Loewy, that is not in any way
4 intended to suggest that I'm just going to let you have
5 unfettered opportunity to ask questions of Mr. Zmuda on any
6 subject. This would be for cross-examination upon the matters
7 contained in his affidavit and that would be all.
8 MR. LOEWY: Understood, Your Honor.
9 COURT: All right. And then -- and then if there are
10 still matters that you need to have discovery upon, then get
11 those done tonight and get them to Ms. Howard and her colleagues
12 as expeditiously as you can and then, Ms. Howard, you and your
13 colleagues can look at those and determine whether or not you
14 need to seek relief from the Court or whether you can respond to
15 them in an expedited fashion so as to keep this matter going
16 forward.
17 What I hope to be able to do, Counsel, is that after
18 the conclusion of this hearing which I would expect will take
19 whatever time we need to take on Thursday afternoon, I hope to
20 have a decision to you by the end of the day Monday so that we
21 aren't getting any closer to the scheduled execution date than
22 we already are and that still gives me enough chance, working
23 with my staff, to give full and careful deliberation upon these
24 issues and write a thoughtful decision about them. So that's
25 what I anticipate going forward.

```
 1            Mr. Loewy, you can make your case to me if you want
 2   tomorrow about additional evidence that you want to put forward
 3   but I can tell you I'm not -- I'm not -- right now, I'm not
 4   inclined to think that I need to have anything more in this
 5   context and so if you feel like you want to offer up something
 6   like that, then put it in the form of some written proposed
 7   additional evidence for the hearing.  Have it filed no later
 8   than 2:00 p.m. tomorrow afternoon so I can take a look at it and
 9   then make some decision upon whether I'll allow it.
10            Okay.  Do you have any questions then, Mr. Loewy, about
11   how we'll go forward?
12            MR. LOEWY:  Yes, I have one question, Your Honor.
13            COURT:  Okay.  Go ahead.
14            MR. LOEWY:  What time were you intending to schedule
15   the hearing for Thursday afternoon?
16            COURT:  That's a good question.  1:30 I think is what I
17   have in mind.
18            MR. LOEWY:  Thank you.
19            COURT:  All right.  Ms. Howard, do you have any
20   questions about how we'll go forward then?
21            MS. HOWARD:  No, Your Honor.
22            COURT:  All right.  Now, it's your motion to seal, Ms.
23   Howard, so I'll hear from you first on that motion and then when
24   we're done with that, I'll give you a decision on that from the
25   bench and then, Mr. Loewy, it will be your -- you'll go forward
```

1   first on your motion obviously.  You'll each have an opportunity
2   for rebuttal on your respective motions.
3            MS. HOWARD:  Your Honor, may I ask a question?
4            COURT:  Go ahead.
5            MS. HOWARD:  You mentioned earlier that you would give
6   us an opportunity to respond to the objection to seal.
7            COURT:  Yes.
8            MS. HOWARD:  Are you wanting a written response or just
9   argument on that?
10           COURT:  Well, I guess it would be helpful to me if you
11  have time to give me some written response, then that would -- I
12  would have the benefit of that before we go into the hearing.
13  If you'd rather just make it as part of your argument at the
14  hearing, I can deal with it that way as well, particularly if
15  you're relying upon particular -- my recollection is your
16  initial motion to seal made reference to rules that would call
17  for that but not in particular reference but I could be
18  mistaken.
19           In any event, any of that would be useful so maybe if
20  you can put something together, even if it's only a few pages in
21  a written reply -- would you be able to get that done by the end
22  of the day tomorrow?
23           MS. HOWARD:  Yes, I can do that, Your Honor.
24           COURT:  All right.  Why don't we plan -- let's give you
25  the same deadline then, 2:00, that I've given Mr. Loewy and that

1  way he has that as well to prepare for Thursday.
2          MR. LOEWY:  Your Honor, may I ask one other question?
3          COURT:  Certainly.
4          MR. LOEWY:  I think it will benefit everyone.  I'm
5  wondering -- without meaning of course to limit the scope of
6  either party and what they put on or argue, I'm wondering if the
7  Court might identify for us particular areas of interest.
8          COURT:  No.  I don't think so.  There may be things
9  that I will inquire of during the course of the hearing but in
10 this setting, I'm not -- I'm not going to do that.
11         MR. LOEWY:  Well, Your Honor, got to ask.  I'm sure you
12 understand.  Thank you very much.
13         COURT:  All right.  Ms. Howard, anything further from
14 the State then?
15         MS. HOWARD:  No, Your Honor.
16         COURT:  All right.  I'll get out of your way and let
17 you guys start getting ready for Thursday then.  We'll see you
18 then.
19         MR. LOEWY:  Thank you.
20         MS. HOWARD:  Thank you.
21         COURT:  Bye.  We'll be in recess.
22              (Proceedings concluded.)
23
24
25

I, court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

| /s/ Tamara A. Weber | 11/9/11 |
|---|---|
| Signature of Approved Transcriber | Date |

Tamara A. Weber

Typed or Printed Name